## PEOPLE *v.* MARKLEIN.

1. CRIMINAL LAW—PROBABLE CAUSE—DETERMINATION OF MAGISTRATE
   —ABUSE OF DISCRETION.

   Probable cause for holding an accused for trial is primarily a
   question for consideration and determination by the examining
   magistrate upon the facts of each case, and his decision will not
   be disturbed except in case of clear abuse of discretion.

2. SAME—PROBABLE   CAUSE—EVIDENCE—CONSPIRACY   TO   VIOLATE
   ELECTION LAWS.

   Evidence *held,* sufficient to support determination of examining
   magistrate that probable cause existed for holding accused for
   trial on charge of conspiracy to violate various provisions of
   the election laws.

Appeal from Wayne; Targonski (Victor), J. Submitted October 15, 1959. (Docket No. 81, Calendar No. 48,118.) Decided January 4, 1960.

Marvin Marklein, after preliminary examination and being bound over for trial on a charge of conspiracy to violate various provisions of the election laws, moved to quash information. Motion granted. The people appeal. Reversed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Nicholas V. Olds* and *Wilbur DeYoung,* Assistants Attorney General, for the people.

*Joseph W. Louisell* and *Ivan E. Barris,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1]  14 Am Jur, Criminal Law § 241.
[2]  18 Am Jur, Elections § 342.

Black, J. Defendant Marvin Marklein and others were charged with "conspiracy to violate various provisions of the election laws of the State." The examining magistrate conducted an extended hearing, evidenced by 964 pages of transcript, and thereupon determined to bind Marklein and certain others over to circuit court for trial. Marklein moved in circuit court to quash, alleging that no evidence sufficient to hold him for trial had been adduced before the magistrate. His motion was granted. The people review by application and grant of leave to appeal.

The gravamen of the people's charge was that the defendants named in the information conspired fraudulently to register persons as eligible voters of Taylor township, in Wayne county, and to obtain by unlawful means the issuance and return of a number of voted ballots of absentee electors. It was shown, before the magistrate, that defendant Marklein was chief of police of Taylor township; that he was not lawfully authorized to register electors of the township or take part in their registration; that he was "seen," at the township hall, "delivering these registrations;" that he, with others, was "assigned" certain precincts for the purpose of obtaining registrations and ballots of absent voters; that a number of registration cards of electors of the township bore the handwritten initials "MM" on the line designated "signature of the officer accepting the registration;" that he, defendant Marklein, was the only "township employee" whose initials were "MM"; that defendant Marklein brought in "quite a few registration cards" and that "his would also contain the initials 'MM' on them;" and that defendant Marklein was heard as agreeing with a witness named Hungo when the latter said "Let's stop this wholesaling of absentee ballots," Marklein's answer

on the occasion being "Yes, we got—there's enough of the damned things."

When the people's application in this case was considered, a memorandum·prepared by a member of the Court called specific attention to the proof summarized above in conjunction with what was said of the circuit court's function, on motion to quash, in *People* v. *Dellabonda,* 265 Mich 486; *People v. Karcher,* 322 Mich 158; *People* v. *Medley,* 339 Mich 486.* The conclusion reached then was that the application should be granted, it appearing probable that the circuit judge had erred in granting defendant Marklein's motion to quash. Formal submission and consideration of the case leads to conclusion that our provisional thought was right. In *Dellabonda, supra,* at page 491, the Court concluded:

"Primarily the question of probable cause is for the consideration of and determination by the examining magistrate. This court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion. We cannot say there was an abuse of discretion on the part of the examining magistrate and decline to hold he erroneously bound appellant over for trial."

I would conclude similarly here and therefore vote to reverse.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.

* To the point made in these cases see *People* v. *Davis,* 343 Mich 348, 355, following *Dellabonda* and *Karcher.*