PEOPLE *v.* O'LEARY.

1. HOMICIDE—INVOLUNTARY MANSLAUGHTER.

Involuntary manslaughter is the killing of another without malice and unintentionally but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—DISCRETION OF COURT.

Finding of probable cause at preliminary examination for offense not cognizable by justice of the peace does not require that the guilt of the defendant be established beyond a reasonable doubt, and trial and appellate courts will not substitute their judgments for that of examining magistrate unless there has been a clear abuse of discretion.

3. SAME—PROBABLE CAUSE—INVOLUNTARY MANSLAUGHTER—PRELIMINARY EXAMINATION—EVIDENCE.

Examining magistrate's finding of probable cause to try defendant for involuntary manslaughter in automobile collision *held,* supported by evidence at preliminary examination that 3 witnesses saw defendant drive his truck in the wrong lane of traffic several times immediately before collision, that at time of collision with car he was completely on the wrong side of highway, and police officers smelled the odor of alcohol on his

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur, Homicide § 17 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 443, 449.
[4] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*
[5–7] 17 Am Jur 2d, Continuance § 27.
[8, 9] 5 Am Jur 2d, Appeal and Error § 604.
[10] 20 Am Jur, Evidence § 786.
[11] 8 Am Jur 2d, Automobiles and Highway Traffic § 989.
　Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR2d 1048.
[12] 8 Am Jur 2d, Automobiles and Highway Traffic § 1001.
[13] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 337, 338.

breath, against defendant's contention that the physical facts of position of the car and location of debris after collision showed conclusively that the accident did not happen as the prosecution claimed (CL 1948, § 750.321).

4. SAME—TRIAL—CLOSE OF PROSECUTION'S CASE—MOTION TO DISMISS —MOOT QUESTION.

Denial by trial court of motion to dismiss involuntary manslaughter charge at close of prosecution's case *held*, to present moot question of error, where court dismissed it at close of defendant's case and submitted case to jury on included offense of negligent homicide (CL 1948, §§ 750.321, 750.324).

5. SAME—CONTINUANCE—DISCRETION OF COURT.

A continuance is a matter of discretion with the trial court in a criminal case, and an appellate court will not interfere unless there has been a palpable abuse of discretion (CL 1948, § 768.2).

6. SAME—CONTINUANCE—PREJUDICE.

Prejudice to defendant must be apparent or proven to have been at least probable to show abuse of discretion of trial court in denying motion for continuance in criminal case (CL 1948, § 768.2).

7. SAME—CONTINUANCE—PREJUDICE.

Denial by trial court of defendant's motion for continuance in trial for involuntary manslaughter of complaining witness' 2 children because of pregnant condition of complaining witness, *held*, not so prejudicial to interest of defendant as to amount to an abuse of discretion (CL 1948, § 750.321).

8. APPEAL AND ERROR—OBJECTIONS TO QUESTIONING—OFFER OF PROOF —SAVING QUESTION FOR REVIEW.

Party whose questioning of witness is curtailed by objection to question sustained by court must make a specific offer of proof to preserve his objection to the ruling of the court (GCR 1963, 507.5, 604).

9. WITNESSES—IMPEACHMENT—OFFER OF PROOF.

Termination of questioning defense witness by defense counsel because witness was being asked to give hearsay testimony *held*, not error, when defense attorney did not inform court that his purpose in asking such questions was to show prior inconsistent statements allegedly made by prosecution witness and thus impeach him (GCR 1963, 507.5, 604).

10. SAME—EXPERT—QUALIFICATIONS—DISCRETION OF COURT.

Determination of the qualifications of an expert witness is a question left to the discretion of the trial court, and appellate court will interfere only to correct an abuse of discretion.

11. SAME—EXPERT—QUALIFICATIONS—DISCRETION OF COURT.

Determination by trial court that witness who had been deputy sheriff for period of 5-1/2 years ending about 7 years before trial, who had not investigated accident or been an eyewitness, was not qualified as an expert witness to give opinion from examination of photographs of accident as to point of impact of vehicles on roadway, *held,* not an abuse of discretion.

12. AUTOMOBILES—COLLISION—DEBRIS—POINT OF IMPACT.

Location of debris dropped from automobiles in collision does not necessarily locate point of impact of vehicles on roadway with accuracy.

13. CRIMINAL LAW — NEGLIGENT HOMICIDE — PHYSICAL EVIDENCE — WEIGHT OF EVIDENCE.

Evidence presented in prosecution for involuntary manslaughter arising out of automobile collision *held,* sufficient to support verdict of guilty of negligent homicide beyond a reasonable doubt, where 3 eyewitnesses testified that defendant had been driving his pickup truck erratically for several miles before he came to collision and that he drove into wrong lane of road at collision, as against argument by defendant that physical facts of debris on road and position of vehicles after collision showed conclusively that accident could not have happened as prosecution claimed (CL 1948, § 750.324).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 June 2, 1966, at Grand Rapids. (Docket No. 912.) Decided February 28, 1967. Leave to appeal denied May 12, 1967. See 379 Mich 762.

Elmer Alfred O'Leary was convicted of negligent homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Ginster,* for defendant.

HOFFIUS, J. Defendant was convicted of negligent homicide, CL 1948, § 750.324 (Stat Ann 1954 Rev § 28.556), arising out of an accident on June 15, 1963, on highway M–81 at the western outskirts of Reese, in Saginaw county. The highway ran in an east-west direction and was 22′ wide. The accident occurred on a sunny, bright, clear, dry day. Defendant was driving a pickup truck in an easterly direction on said highway. Theresa Palmreuter was the driver of a 1957 Mercury sedan which was proceeding on M–81 in a westerly direction. Traveling with her and sitting in the front seat of her automobile were her two minor children, Mary D. Palmreuter and Nancy M. Palmreuter, both of whom died as a result of the injuries suffered in this accident.

Defendant O'Leary was charged with involuntary manslaughter, CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553). The manslaughter charge was dismissed at the close of the proofs and the case submitted to the jury on the negligent homicide charge only. There was testimony that the defendant had been driving in an erratic manner, going over the center line several times prior to the point of impact, and that just before the impact, defendant's truck crossed the center line and went into the north lane or westbound lane of traffic and struck Mrs. Palmreuter's vehicle. The prosecution offered the testimony of Mrs. Palmreuter, as well as two disinterested witnesses who were following in an automobile approximately 500′ behind defendant's pickup truck. All three of these witnesses confirmed that defendant crossed the center line immediately prior to impact, striking Mrs. Palmreuter's automobile in her own westbound lane of traffic.

Defendant denied this and claimed that Mrs. Palmreuter crossed the center line into his south or eastbound lane of traffic just prior to the collision. In support of this claim he relied upon his own testimony, as well as the location of the debris and position of the vehicles after the accident.

After the impact, the Mercury, driven by Mrs. Palmreuter, was facing west in the eastbound lane of traffic south of the center line. Defendant's truck was facing in a southwesterly direction and was in contact with Mrs. Palmreuter's right front fender. From the exhibits, it is apparent that there was extensive damage to the right and entire front end of defendant's vehicle and that the greatest damage to Mrs. Palmreuter's vehicle was the right front end.

There were parts and debris scattered over the highway in the general area of the collision. Traces of oil and radiator water were in the north lane, but most of the fluid was on the south side of the highway. Numerous parts were found under the front of Mrs. Palmreuter's vehicle and near the center line between the two cars.

Defendant claims that the examining magistrate erred in binding the case over for trial on manslaughter. He also claims that the trial court erred by denying defendant's motion to quash the manslaughter charge, by refusing to grant a continuance, by ruling against defendant on certain evidentiary matters, and by holding that the verdict was not contrary to the great weight of the evidence.

Relative to defendant's claim that the examining magistrate erred in binding the defendant over for trial, the complaint and warrant charged that defendant was driving under the influence of intoxicating liquor and negligently and wantonly crossed the center line of the highway, striking Mrs. Palmreuter's vehicle.

" 'Involuntary manslaughter is the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty.' " *People* v. *Ryczek* (1923), 224 Mich 106, 110.

See, also, *People* v. *Wardell* (1939), 291 Mich 276.

Three eyewitnesses to the accident testified at the preliminary examination that, on different occasions, defendant drove his truck in the wrong lane of traffic and that at the time of the collision, he was completely on the wrong side of the highway. The officers testified they smelled the odor of alcohol on defendant's breath.

Defendant argued that the physical facts of the position of the car and location of the debris indicated conclusively that the accident did not occur as the prosecution claimed. The examining magistrate, however, decided that the case should be bound over for trial on the charge of involuntary manslaughter.

A finding of probable cause does not require that the guilt of the defendant be established beyond a reasonable doubt. Even though the trial court or this Court may not agree with the magistrate, we cannot substitute our judgment for the magistrate's determination of probable cause unless there has been a clear abuse of discretion. *People* v. *Marklein* (1960), 358 Mich 471; *People* v. *Carr* (1963), 370 Mich 251; *People* v. *Davis* (1955), 343 Mich 348; *People* v. *Dellabonda* (1933), 265 Mich 486. This Court is of the opinion that there was sufficient evidence to uphold the magistrate's action in this case.

Counsel for defendant next urges that the trial court erred in its denial of the motion to dismiss

the manslaughter charge at the end of the prosecution's case. Upon renewal of the motion prior to the submission of the case to the jury, the court dismissed the manslaughter charge and permitted the case to go to the jury only on the charge of negligent homicide. Under the circumstances, the question became moot, since the jury never had the opportunity to consider the manslaughter charge and no error was committed.

Defendant next claims error when the trial court denied a motion for continuance because of the pregnant condition of Theresa Palmreuter, mother of the two deceased children. The basis for a continuance by the court is set forth in the following statute:

"No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record." CL 1948, § 768.2 (Stat Ann 1954 Rev § 28.1025).

A continuance is a matter of discretion with the trial court. In *People* v. *Knox* (1961), 364 Mich 620, the trial court denied defendant's request for a continuance to obtain an expert witness. The Supreme Court stated at page 644:

"It has been repeatedly recognized by this Court that a trial judge has discretion in granting or refusing a motion of the character here involved, and that this Court will not interfere unless there has been a palpable abuse of such discretion. In view of the situation with which the trial judge was confronted, it may not be said that his action in denying the request for further time for the appearance of the desired witness was unreasonable. The judicial discretion was not abused."

In *People* v. *Raider* (1931), 256 Mich 131, a continuance because of alleged inflammatory articles in the newspaper was denied and the Court held that the defendant had not carried the burden of proving an abuse of discretion. The Court said at page 134:

"Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. Prejudice to defendant must be apparent or proved to have been at least probable."

In the instant case, the pregnancy of Mrs. Palmreuter cannot be said to have been so prejudicial to the interests of the defendant as to compel this Court to find that the trial court abused its discretion in the denial of a motion for continuance.

Defendant claims also that the trial judge erred in terminating defense counsel's interrogation of a witness who purportedly could reveal prior inconsistent statements made by Charles Knoop, an eyewitness to the accident, relative to the distance between his vehicle and defendant's pickup truck. The questions asked were as follows:

"*Q.* And did people come into your house to use the telephone?

"*A.* Yes, there was people in the house. There was quite a few people in the house. I don't know who they all were.

"*Q.* And did you talk to a tall thin man about the accident?

"*A.* Yes.

"*Q.* What did he say ma'am?

"*The Court.* No, this is hearsay again. I don't want this on the record."

At no time did defendant's counsel pursue this questioning with specific identification of witness Knoop as the "tall thin man" nor did he state to the

court that such testimony was for the purpose of impeaching witness Knoop's prior testimony. No further offer of proof was ever made. Defendant's counsel did not make known to the court his position in regard to this testimony as required under GCR 1963, 507.5, which reads:

"Exceptions Unnecessary. Formal exceptions to rulings or orders of the court are unnecessary. It is sufficient that a party, at the time of the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of the objection does not thereafter prejudice him."

In addition thereto, defendant's counsel did not make an offer of proof at the time of the ruling in accordance with GCR 1963, 604, which reads as follows:

"If an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness, or by leave of court, may examine the witness in relation thereto. The court may require the offer to be made or the testimony taken out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made and the ruling thereon."

The trial court did not have an opportunity to fairly pass upon defendant's claim that the question was directed at impeaching the testimony of the witness. Under these circumstances, it cannot be said that the trial court erred in refusing the proffered testimony when the reasons for such testimony

were not made clear to the judge. See *Eglash* v. *Detroit Institute of Technology* (1965), 375 Mich 592; *Herndon* v. *Woodmen of the World* (1965), 1 Mich App 141.

Defendant next advocates on appeal that the trial court erred in refusing Wayne Schwaln's testimony as an expert relative to the point of impact. Wayne Schwaln was a former deputy sheriff who had not worked in that capacity for seven years prior to his testimony. He was not an eyewitness to the accident nor one of the investigating officers at the scene. The question to which objection was made was based upon the witness' examination of photographs only. As far as the record shows, this witness knew nothing regarding direction, weight or speed of the vehicles, width of the highway, weather conditions, visibility or other material data upon which expert opinions are traditionally formulated. The question was merely stated as follows:

"*Q.* Now, based on your observations in those exhibits, (referring to photographs) do you have an opinion to where the point of impact—

"*The Court.* Go ahead, ask the question.

"*Q.* (By Mr. Ginster, continuing): —Between the vehicles—where the point of impact was between the vehicles involved?

"*A.* Yes.

"*Mr. Currie.* Objection, Your Honor.

"*The Court.* Are you going to ask him his opinion?

"*Mr. Ginster.* Yes.

"*The Court.* I'm not going to allow him to testify because he has not been qualified as an accidentologist, an expert, and making an examination from those photos, the jury will have the photos and they'll determine the point of impact from the photos; plus the other evidence in the case."

No further offer of proof was made nor did counsel pursue this line of questioning.

This Court is of the opinion that it was not reversible error for the trial court to sustain the objection.

The recent case of *Dudek* v. *Popp* (1964), 373 Mich 300, indicates a relaxing of the former strict rule concerning the admission of expert opinion by investigating officers as to their determination of the point of impact. The Court said at p 307:

· "We align ourselves with the authorities which hold that one properly qualified in accident investigative background may testify either from personal observation or from properly authenticated and admitted exhibits that, in his opinion, certain marks are skid marks and that they were made by a given motor vehicle and his reasons therefor. On the same basis and for the same reasons, he may point out in his opinion the point of impact."

It should be noted, however, that in *Dudek, supra,* it was the investigating officer who gave the opinion as to the alleged point of impact and not an ex-deputy sheriff viewing only photographs taken on the day of the accident. The court also stated in *Dudek, supra,* at pp 305–306:

"The danger involved in receiving the opinion of a witness is that the jury may substitute such opinion for their own. Accordingly, where all the relevant facts can be introduced in evidence and the jury are competent to draw a reasonable inference therefrom, opinion evidence will not be received. When the conclusion to be drawn from the facts depends on professional or scientific knowledge or skill, the conclusion may be stated. (32 CJS, Evidence, § 446)."

It can readily be seen that *Dudek* can be distinguished in view of the fact that the jury could draw the same inferences from the photographs as the

ex-deputy sheriff, although the jury would have all
of the other relevant testimony from eyewitnesses
as well as distances, weather conditions, et cetera,
upon which to base their conclusion.

We cannot say that the trial court has abused its
discretion in the refusal of the proffered testimony.
In *People* v. *Hawthorne* (1940), 293 Mich 15, the
Court said at p 23:

> "The determination of the qualifications of an
> expert is a question for the trial judge and we en-
> trust the matter to his discretion. We interfere only
> to correct an abuse."

Lastly, defendant contends that the verdict of the
jury is contrary to the great weight of the evidence.
Defendant reiterates the argument previously stated
that the physical facts of the position of the car and
the location of the debris indicate conclusively that
the accident did not occur as the prosecution claimed.
However, it should be remembered that there were
three eyewitnesses to the accident who testified
clearly and positively that the accident occurred in
Mrs. Palmreuter's lane of traffic and not in defend-
ant's lane of traffic. This created a dispute of fact
to be submitted to the jury. In addition thereto,
there was substantial testimony as to the erratic
driving pattern of the defendant for several miles
prior to the point of impact.

Although the Supreme Court has on occasion in
civil cases ruled that a directed verdict should have
been granted when a party's theory is completely in-
consistent with the undisputed physical facts after
an accident, it is apparent that the physical facts
here are not inconsistent with the prosecution's
theory of the accident. In *Albrecht* v. *Pritchard*
(1957), 347 Mich 166, the Court found that the loca-
tion of debris after an accident does not necessarily
locate the point of impact. The Court said at p 171:

"Contrary to popular impression, the location of debris following violent automotive collision does not necessarily locate the point of impact, with accuracy at least. Debris and broken glass do not always, if we consider physics, drop like a plummet from point of collision. Indeed, and in the present case, the trier of facts would have been justified in finding that located presence of such debris is just as consistent with plaintiff's theory as with that of defendant. It, the debris, could have come from either car, or both."

In *Harding* v. *Blankenship* (1936), 274 Mich 118, the Court said at p 122:

"The positions of the cars and other such physical facts after the accident are not absolutely determinative of just what happened immediately prior to a collision."

In *Fitzpatrick* v. *Ritzenhein* (1962), 367 Mich 326, there is a complete discussion of the situation with regard to physical facts. It appears that only rarely will the physical facts be conclusive when there is conflicting testimony as to the point of impact.

The final location of the vehicles and debris can be reconciled with the testimony of the prosecution's three eyewitnesses as to the point of impact. It must, therefore, be said that there was evidence from which the jury could find the defendant guilty of the crime of negligent homicide beyond a reasonable doubt.

We, therefore, conclude that no reversible error has been committed in the trial of this cause and the cause will be remanded for execution of sentence.

HOLBROOK, P. J., and BURNS, J., concurred.