PEOPLE v GLEASON

Docket No. 58970. Submitted June 30, 1982, at Grand Rapids.—Decided January 19, 1983.

Defendant, Dennis Gleason, was bound over to the Oceana Circuit Court on a charge of delivery of marijuana. The circuit court, Terrence R. Thomas, J., thereafter ordered suppression of the evidence and dismissed the case. The people appealed. *Held:*

1. The affidavit in support of the search warrant was fatally deficient.

2. The abuse-of-discretion standard of review, although proper in the context of bind-over issues, should not be employed by courts reviewing a magistrate's determination of the sufficiency of an affidavit. Although a magistrate's finding that an affidavit establishes probable cause is entitled to deference in marginal cases and should normally be sustained where a substantial basis exists for such a finding, an "abuse of discretion" standard would undermine the Fourth Amendment's command that no warrants shall issue but upon probable cause supported by oath or affirmation.

3. Where a magistrate's finding that an affidavit establishes probable cause is not supported by a sufficiently substantial basis, the magistrate's decision shall be reversed even if it does not constitute a clear abuse of discretion.

4. A two-prong test is used for determining probable cause for issuing a search warrant for drugs when an informant is used: first, the affidavit must sufficiently provide the underlying circumstances to allow the magistrate to judge independently whether or not the drugs sought are presently where they are alleged to be, and second, sufficient underlying circumstances

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures §§ 62, 63, 66.
Search warrants: disputing matters stated in supporting affidavit. 5 ALR2d 394.
[2, 3] 68 Am Jur 2d, Searches and Seizures §§ 64, 67, 68.
[4] 68 Am Jur 2d, Searches and Seizures § 63 *et seq.*
[5, 6, 8, 9] 68 Am Jur 2d, Searches and Seizures § 65.
[7] 68 Am Jur 2d, Searches and Seizures §§ 65, 70.

must establish the informant's credibility or the reliability of the information.

5. The affidavit in this case was insufficient to establish probable cause under the two-prong test for determining probable cause when an informant is used.

6. A statement against penal interest may be weighed by a magistrate in assessing an informant's credibility, however, not every statement against penal interest is sufficiently trustworthy to be considered in this regard. Rather, only where the statement so far tended to subject the informant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true may a magistrate base his assessment of credibility on the statement against penal interest.

7. An affiant may not establish an informant's credibility merely by stating in a conclusory fashion that the informant has made statements against his penal interest but must specifically identify any such statements and specify the circumstances under which the statements were made.

8. The two-month lapse between a purchase of suspected marijuana by the informant and the use of such information in the affidavit in support of the search warrant rendered the information stale and worthless.

9. The affiant should state the nature of the information provided in the past and the manner in which it had been proven reliable or unreliable in order to provide a sufficient basis for a magistrate to determine that the informant is credible where the affiant states that an unnamed informant has provided information in the past which has proven reliable.

10. An affiant may not establish probable cause by setting forth unreliable information and then "corroborating" it with additional unreliable information.

11. The evidence seized by the police was obtained in violation of the Fourth Amendment to the United States Constitution and was correctly suppressed. The case was correctly dismissed.

Affirmed.

1. Searches and Seizures — Search Warrants — Affidavits.

The abuse-of-discretion standard of review should not be employed by courts in reviewing a magistrate's determination of the sufficiency of an affidavit in support of a search warrant; such standard of review is proper in the context of bind-over issues.

2. Constitutional Law — Appeal — Search Warrants — Affidavits — Probable Cause.

A magistrate's finding that an affidavit establishes probable cause is entitled to deference in marginal cases and should normally be sustained where a substantial basis exists for such a finding; the use of an "abuse of discretion" standard in such a situation would undermine the Fourth Amendment (US Const, Am IV).

3. Searches and Seizures — Search Warrants — Probable Cause — Appeal.

A magistrate's finding that an affidavit establishes probable cause for a search warrant shall be reversed even if it does not constitute a clear abuse of discretion where the magistrate's finding is not supported by a sufficiently substantial basis.

4. Searches and Seizures — Probable Cause — Search Warrants — Informants.

A two-prong test is used to determine probable cause for issuing a search warrant for drugs when an informant is used: first, the affidavit must sufficiently provide the underlying circumstances to allow the magistrate to judge independently whether or not the drugs are presently where they are alleged to be, and, second, sufficient underlying circumstances must establish the informant's credibility or the reliability of the information.

5. Evidence — Statements Against Penal Interest — Credibility — Rules of Evidence.

A statement against penal interest may be weighed by a magistrate in assessing an informant's credibility, however, not every statement against penal interest is sufficiently trustworthy to be considered in this regard; rather, a magistrate may base his assessment of credibility on a statement against penal interest only where the statement so far tended to subject the informant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true (MRE 804[b][3]).

6. Searches and Seizures — Search Warrants — Credibility — Statements Against Penal Interest.

An affiant may not establish an informant's credibility merely by stating in a conclusory fashion that the informant has made statements against his penal interest; rather, the affiant must specifically identify any such statements and must also specify the circumstances under which the statements were made.

7. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — STALE INFORMATION.

Information pertaining to an informant's purchase of a substance represented to be marijuana is "stale" information for the purpose of establishing probable cause for a search warrant where such information refers to a purchase which occurred two months prior to the use of such information in the affidavit in support of a search warrant for the premises where the sale allegedly occurred.

8. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — UNNAMED INFORMANTS.

An affiant should state the nature of the information provided in the past by an unnamed informant and the manner in which such information had been proven reliable or unreliable in order to provide a sufficient basis for a magistrate to determine that the informant is credible where the affiant maintains that the unnamed informant has provided information in the past which has proven reliable.

9. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

An affiant may not establish probable cause for a warrant by setting forth unreliable information and then "corroborating" it with additional unreliable information.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Anthony A. Monton,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*John W. Thornton, Jr.,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

R. M. MAHER, J. On April 18, 1981, defendant was bound over to circuit court on a charge of delivery of marijuana, MCL 333.7401, subds (1) and (2)(c); MSA 14.15(7401), subds (1) and (2)(c). On June 24, 1981, the circuit court suppressed the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence and dismissed the case. The people appeal as of right.

On March 27, 1981, the Hesperia Police Department executed a search warrant supported by the following affidavit:

"1. Affiant is a Sgt. with the Hesperia Police Department, Oceana County, Michigan, and is a resident of the County of Oceana.

"2. The Department has had information, suspicions, investigations with regard to said premises described above to be searched as being used in conjunction with the sale and delivery of the contolled [sic] substance marijuana.

"3. That a confidential informant has provided information based upon his/her personal knowledge that he/she has purchased a substance represented to him or her to be marijuana at the home and residence herein described within the last 24 hours, and that such informant spoke with his/her personal knowledge and has made admissions against his or her penal interest.

"4. That the above informant's information is further corroborated by another seperate [sic] distinct confidential informant who has in the last two months provided information that he/she had purchased a substance represented to him/her to be marijuana at the same home and residence described above and as indicated by the informant in paragraph 3, and that this informant has provided to the Hesperia Police Department information in the past which has proven reliable.

"5. That the informants herein fear for their personal safety and therefore, remain confidential."

The people appeal from the circuit court's order suppressing the evidence and dismissing the case. We have concluded that the affidavit is fatally deficient and, therefore, we affirm.

I

We must first determine the appropriate stan-

dard of review. In *People v Iaconis,* 29 Mich App 443, 454; 185 NW2d 609 (1971), this Court set forth the correct standard of review of affidavits under the federal constitution:[1]

"[A] reviewing court will sustain a magistrate's determination of probable cause so long as there is a substantial basis to conclude that narcotics are probably present * * *."

In addition to the sufficiency-of-the-affidavit issue, the *Iaconis* Court also addressed the defendants' claim that there was insufficient evidence to support the magistrate's decision to bind them over for trial. In the course of rejecting this claim, the Court referred to the well-established rule that "[t]his Court may not substitute its judgment for that of the magistrate unless there has been a clear abuse of discretion in his determination of probable cause". 29 Mich App 462.

In *People v Thomas,* 86 Mich App 752, 759; 273 NW2d 548 (1978), this Court lifted the foregoing language out of context from the *Iaconis* Court's discussion of the bind-over issue, and applied it to a determination of the sufficiency of an affidavit:

"Quoting further from *Iaconis, supra,* p 462, it was concluded that " 'This Court may not substitute its judgment for that of the magistrate unless there has been a clear abuse of discretion in his determination of probable cause.' (Citations omitted.)"

It is quite apparent that the *Iaconis* Court did *not* employ an abuse-of-discretion standard in reviewing the sufficiency of an affidavit. Moreover,

[1] We expressly decline to decide whether the state constitution requires a more rigid standard of review.

analysis of the four cases[2] relied upon by the *Iaconis* Court in support of its reference to an abuse-of-discretion standard reveals that all four cases involved a bind-over issue, and *not* the sufficiency of an affidavit. Thus, it is abundantly clear that the *Thomas* abuse-of-discretion standard is, to say the least, of rather dubious parentage.

Surprisingly enough, at least four panels of this Court have uncritically accepted the *Thomas* Court's misreading of *Iaconis*. See *People v Price (On Remand),* 91 Mich App 328, 332; 283 NW2d 736 (1979);[3] *People v Atkins,* 96 Mich App 672, 678; 293 NW2d 671 (1980); *People v William Heiler,* 97 Mich App 636, 638; 296 NW2d 10 (1980), and *People v Dinsmore,* 103 Mich App 660, 674; 303 NW2d 857 (1981). Thus has a mountain of authority risen upon a foundation of sand.

The time has come for this Court to debunk *Thomas* and its illegitimate progeny.[4] The abuse-of-discretion standard of review, although proper in the context of bind-over issues, should not be employed by courts reviewing a magistrate's determination of the sufficiency of an affidavit.

A magistrate has a considerable advantage over a reviewing court with respect to a bind-over decision, since such a decision typically requires an assessment of the credibility of the witnesses who testify at the preliminary hearing. While a reviewing court must work from a cold record, a magistrate has the opportunity to observe the demeanor of witnesses.

---

[2] *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933); *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955); *People v Marklein,* 358 Mich 471; 101 NW2d 348 (1960); *People v O'Leary,* 6 Mich App 115; 148 NW2d 516 (1967).

[3] We observe that *Price* and *Thomas* were decided by the same panel.

[4] We do not suggest, however, that these cases necessarily reached the wrong result; we merely submit that an incorrect standard of review was employed.

In contrast, a magistrate is no more qualified than a reviewing court to determine whether probable cause may be found within the four corners of an affidavit. Such a determination is essentially a question of law. Although a magistrate's finding that an affidavit establishes probable cause is entitled to deference in marginal cases, see *Iaconis, supra,* p 457, and should normally be sustained where a substantial basis exists for such a finding, an "abuse of discretion" standard would undermine the Fourth Amendment's command that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation * * *".[5]

Thus, it is apparent that the *Thomas* abuse-of-discretion standard is wrong as a matter of policy,

---

[5] This is particularly true in light of the Supreme Court's puzzling refusal to overrule the "abuse of discretion" definition set forth in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959):

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

Of course, it can be argued that the standard employed makes little difference. Nevertheless, when an appellate court states that "the trial court's decision will not be reversed absent a clear abuse of discretion", it generally means that "the trial court's decision will not be reversed". This Court must not avoid its solemn responsibility to enforce the warrant clause by pretending that it has the power to correct only the most egregious of errors. See *People v Talley,* 410 Mich 378, 396-397; 301 NW2d 809 (1981) (LEVIN, J., *concurring):*

"*Spalding's* hyperbolic statement leaves the impression that a judge will be reversed only if it can be found that he acted egregiously—the result evidencing 'perversity of will', the 'defiance [of judgment]', 'passion or bias'. To repeatedly invoke this overstatement leads lawyers and judges to believe that a discretionary decision is virtually immune from review and leads appellate courts to view any challenge to such a decision as essentially unfounded. Repetition of this statement is simplistic and misleading, and should not be indulged in by this Court or any other."

and also as a matter of precedent. We conclude that where a magistrate's finding that an affidavit establishes probable cause is not supported by a sufficiently substantial basis, the magistrate's decision shall be reversed even if it does not constitute a clear abuse of discretion.

## II

We turn now to an assessment of the sufficiency of the affidavit before us in the case at bar. Paragraph 1 merely establishes the reliability of the affiant. Paragraph 5 merely attempts to excuse the affiant's failure to identify the informants.[6] Paragraph 2 is worthless; no probative value can be assigned to a police department's unsupported and unspecified "information, suspicions [and] investigations". Thus, if probable cause is to be found, it must be found in ¶¶ 3 and 4.

*Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), established a two-prong test for determining probable cause when an informant is used. First, the affidavit must sufficiently provide the underlying circumstances to allow the magistrate to judge independently whether or not the drugs are presently where they are alleged to be. Second, sufficient underlying circumstances must establish the informant's credibility or the reliability of the information. Under *Aguilar,* ¶ 3 is deficient in at least two respects. First of all, the confidential informant did not state that he had purchased marijuana at the premises described in the affidavit but, rather, "a substance represented to him * * * to be marijuana". Secondly, the informant did not state that he had observed other

---

[6] Of course, the affiant's failure to identify the informants enhances the possibility that the informants are actually nonexistent.

quantities of marijuana in the residence in addition to the amount he had allegedly purchased. Thus, the informant gave no concrete indication that any marijuana remained at the premises after his departure.

Finally, ¶ 3 completely fails *Aguilar's* "second prong", since the affidavit provides no indication of the informant's reliability. Although the affidavit states that the informant had made "admissions against his * * * penal interest", the affiant does not specify the nature of those damaging admissions. Presumably the good officer was referring to the informant's admission that he had purchased marijuana. However, although a statement against penal interest may be weighed by a magistrate in assessing an informant's credibility, see *United States v Harris,* 403 US 573; 91 S Ct 2075; 29 L Ed 2d 723 (1971), not every statement against penal interest is sufficiently trustworthy to be considered in this regard. Rather, a magistrate may base his assessment of credibility on a statement against penal interest only where the statement "so far tended to subject [the informant] to * * * criminal liability * * * that a reasonable person in his position would not have made the statement unless he believed it to be true". MRE 804(b)(3). Thus, an affiant may not establish an informant's credibility merely by stating in a conclusory fashion that the informant has made statements against his penal interest; rather, the affiant must specifically identify any such statements and must also specify the circumstances under which the statements were made.[7] Since ¶ 3 supplies no ba-

[7] Under certain circumstances a so-called statement against penal interest may be of very doubtful reliability. We offer the following illustration: The police conduct an illegal search and arrest a suspect for a drug violation. Aware that they have no hope of obtaining a

sis[8] for the magistrate to assess the credibility of the informant, it is insufficient to establish probable cause.

Paragraph 4 is also deficient. Once again, the informant did not state that he had purchased marijuana, but only that he had purchased a substance represented to be marijuana. More fundamentally, the informant did not state *when* he had purchased the substance. The affidavit states only that the *information* about the purchase was supplied within the last two months; the affidavit says nothing about the time of the purchase. Moreover, even if the purchase had been made and the information supplied contemporaneously, the two-month lapse rendered the information "stale" and, therefore, worthless.

We also harbor considerable doubt over whether a *pro forma* conclusory statement to the effect that an unnamed informant has "provided * * * infor-

conviction, the police inform the terrified suspect that they will "go easy" on him (or that they will not press charges) if he will "finger" his supplier. Any statement made by an informant in such a position is hardly a statement against penal interest; rather, such a statement actually tends to *shield* the informant against criminal liability. Moreover, we cannot assume that a reasonable man in such a position would betray the confidence of his actual supplier, who is often a close friend; instead, it appears likely that such an informant, confident that he will remain anonymous, may make the best of a difficult situation by falsely accusing an enemy whom he feels may be in possession of some drugs. It also seems likely that an informant who is unaware of the present location of his supplier, or who produced the drugs himself, would be motivated to feed the police false information in the hope of obtaining leniency. Thus, a statement made by a suspect in custody will often have little or no probative value, regardless of whether it can be technically characterized as a "statement against penal interest".

[8] Even if the affiant had specified that the informant's "admission against penal interest" was the fact that he had purchased marijuana, this would clearly be insufficient to establish the informant's credibility. Otherwise, any informant who claimed that he had purchased marijuana could automatically be deemed "credible".

mation in the past which has proven reliable",
without more, is a sufficient basis for a magistrate
to determine that the informant is credible. The
affiant should state the nature of the information
provided in the past, and the manner in which it
had been proven reliable. The affiant should also
inform the magistrate whether any such past in-
formation had proven unreliable.

We conclude that ¶ 4 does not provide a suffi-
cient basis for the magistrate's determination of
probable cause. Nor do ¶¶ 2, 3, and 4, considered
together, provide a sufficient basis for the magis-
trate's finding. An affiant may not establish proba-
ble cause by setting forth unreliable information
and then "corroborating" it with additional unreli-
able information.

The evidence seized by the police was obtained
in violation of the Fourth Amendment to the
United States Constitution. The circuit court cor-
rectly suppressed the evidence and dismissed the
case.

The judgment of the circuit court is affirmed.