PEOPLE v GENTRY

Docket No. 70745. Submitted February 8, 1984, at Detroit.—Decided
    August 10, 1984.

    Ann Page Gentry was charged with possession, with intent to
    deliver, of methylphenidate and was bound over for trial on
    that charge. The Recorder's Court of Detroit, David R. Kerwin,
    J., quashed the search warrant, pursuant to which the evidence
    against defendant had been seized, and suppressed the evi-
    dence. The court then found that, without the facts stated in
    the search warrant which were in turn based upon an officer's
    affidavit relating information supplied by an informant, the
    evidence was insufficient to bind the defendant over for trial.
    The case was therefore dismissed. The prosecutor appealed.
    *Held:*

        1. The trial court erred in determining that there was not
    probable cause to issue the search warrant based upon the
    "two-pronged" *Aguilar-Spinelli* test which looks to the infor-
    mant's knowledge and credibility. The United States Supreme
    Court has disavowed the use of this test in cases involving an
    unnamed informant in favor of a test looking to the totality of
    the circumstances. Under that test, the affidavit presented in
    this case established probable cause for the issuance of the
    search warrant. The trial court erred in quashing the warrant.

        2. Review of the examining court's decision to bind over the
    defendant for trial is to determine whether the examining
    court abused its discretion. Here, the evidence was sufficient to
    establish probable cause for charging the defendant with the
    crime, and the examining court did not abuse its discretion in
    binding the defendant over. The trial court's reversal of the
    bindover was error.

        Reversed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — INFORMANTS —
    TOTALITY OF CIRCUMSTANCES.
    The proper standard for determining probable cause for the

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures §§ 42, 69.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 412, 413.

issuance of a search warrant based on an informant's affidavit is the "totality of circumstances"; the elements of the former two-pronged test for determining probable cause, the informant's knowledge and his credibility, are relevant considerations in the assessment of the totality of the circumstances, but in a given case the strength of one of these elements may compensate for a deficiency in the other.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — BINDOVER OF DEFENDANT.

A defendant must be bound over for trial if it appears to the examining court that a felony has been committed and there is probable cause for charging the defendant with commission of the felony; the defendant's guilt need not be established beyond a reasonable doubt.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL — STANDARD OF REVIEW.

The proper standard of review of a preliminary examination decision is whether or not the examining court abused its discretion in finding sufficient evidence to bind the defendant over for trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Charles D. Lusby,* for defendant.

Before: BEASLEY, P.J., and GRIBBS and J. R. ERNST,* JJ.

GRIBBS, J. Defendant was charged with possession, with intent to deliver, of 85 tablets of methylphenidate (Ritalin) and with possession, with intent to deliver, of 400 tablets of pentazocine (Talwin). MCL 333.7401(2), subds (a), (b); MSA 14.15(7401)(2), subds (a), (b). The charges arose from the search of a dwelling pursuant to a search

---

* Circuit judge, sitting on the Court of Appeals by assignment.

warrant issued on the basis of a police officer's affidavit containing information supplied by an informant. The pentazocine charge was dismissed at defendant's preliminary examination. Defendant was bound over on the methylphenidate charge.

The trial court, relying on *People v Gleason,* 122 Mich App 482; 333 NW2d 85 (1983), quashed the search warrant and suppressed the evidence seized pursuant to the warrant. The court further found that, without the facts stated in the search warrant, which warrant was admitted into evidence at the preliminary examination, the evidence was not legally sufficient to bind defendant over on the methylphenidate charge and dismissed the case. The prosecutor appeals as of right.

We find that the court erred in quashing the warrant. Furthermore, the evidence at the preliminary examination established probable cause to believe that defendant committed the offense. We reverse the trial court's decision.

## SEARCH WARRANT

A magistrate's determination of probable cause for issuing a search warrant must have a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v Gates,* 462 US 213, 236; 103 S Ct 2317; 76 L Ed 2d 527, (1983); *Gleason, supra,* p 490. Under the United States Constitution the proper standard for determining probable cause for the issuance of a search warrant based on an informant's affidavit is the "totality of the circumstances". *Gates,* 462 US 238.

Prior to the *Gates* decision, the Michigan and federal courts applied the two-pronged *Aguilar-Spinelli* test to determine the existence of probable cause where the issuance of a search warrant was

based on an affidavit. Under this test the affidavit has to establish (1) some of the underlying circumstances from which the informant concluded the narcotics were where he claimed they were, and (2) some of the underlying circumstances from which the officer concluded the informant was credible or his information reliable. *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969); *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964).

In *Gates,* the United States Supreme Court disavowed the *Aguilar-Spinelli* test and adopted the totality of circumstances as the proper standard for determining probable cause for issuance of a search warrant based on an informant's information. *Gates, supra; People v Cortez,* 131 Mich App 316; 346 NW2d 540 (1984). In disavowing the rigid two-pronged test, the Supreme Court stated:

> "We do not agree, however, that these elements should be understood as entirely separate and independent requirements to be rigidly enacted in every case * * *. Rather, * * * they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place.
>
> * * * Perhaps the central teaching of our decisions bearing on the probable cause standard is that it is a 'practical, non-technical conception.' * * * [P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual context—not readily, or even usefully, reduced to a neat set of legal rules." *Gates,* 262 US 230-232.

The Supreme Court also recognized that the affidavit's bases of knowledge and credibility *(Aguilar-Spinelli* prongs) are relevant considerations in the assessment of the totality of circumstances, but that the strength of one of these bases can

compensate for a deficiency in the other. "If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip." *Gates,* 462 US 233.

The trial court in the case at bar relied on the application of the *Aguilar-Spinelli* test in *Gleason, supra,* in finding that there was no probable cause for the issuance of the search warrant. *Gleason* was decided before the *Gates* case and correctly applied the *Aguilar-Spinelli* test. Panels of this Court have, however, applied both the *Gates* and the *Aguilar-Spinelli* test to post-*Gates* decisions in Michigan. In *People v Brown,* 132 Mich App 128; 347 NW2d 8 (1984), the Court reasoned that, since a state may impose higher Fourth Amendment standards under a state constitution, it was constrained to follow *Aguilar-Spinelli* until the Michigan Supreme Court ruled otherwise. In *Cortez, supra,* the Court applied the *Gates* test without distinguishing the federal and state constitutions. In this case neither party raises the Michigan Constitution, defendant cites federal cases, and the central case relied on by both parties *(Gleason, supra)* was based on the federal constitution. Thus we assume that defendant is raising a federal constitutional argument and apply the federal totality of circumstances test adopted in the *Gates* decision.

The affidavit in this case provided:

"1. The affiant is a member of the Detroit Police Department, assigned to the investigation of violations of the Controlled Substances Act. The affiant is working in conjunction with a credible and reliable SOI #403.

This SOI has been utilised [sic] on over 85 occasions resulting in the arrest of over 106 persons for VCSA and other offenses. These arrests have resulted in the convictions of over 67 persons in Recorder's Court, 36th District Court and other jurisdictions. In addition these incidences have yielded significant quantities of heroin, cocaine, marijuana, other controlled substances, narcotics proceeds illegal firearms, stolen goods, etc.

"2. On November 4, 1982, complaint no. N82-1418 was received at the Narcotics Section, alleging narcotics activity at 8128 Dobel.

"3. On Tuesday, November 16, 1982, the affiant and other members of the Narcotics Section conducted a covert surveillance on the address of 8128 Dobel and during a 1-1/2 hour period of time the officers observed approx 12 persons to enter the dwelling and after a brief period of time exit the dwelling.

"4. On Wednesday, November 17, 1982, the affiant and the SOI met at a pre-arranged location and formulated plans for a preliminary purchase of Dilaudids at the premises of 8128 Dobel. The affiant and the SOI then went to the area of French Road and Van Dyke where the SOI was searched for monies and narcotics with none being found. The affiant then issued the SOI pre-recorded S S funds for the purchase. The affiant then observed the SOI to enter the dwelling known as 8128 Dobel and after a short period of time exit the dwelling and meet with the affiant. The SOI relayed the following facts; once within the dwelling to wit the SOI was admitted by a white female approx 40, 5' 8", 180 lbs, with blond hair, the stated female asked the SOI what was wanted and the SOI stated two dillies. The female then walked into the rear of the dwelling from view [sic] and returned a short time later with a small change type purse, removing one large Rx type vial that appeared to be full and removed two yellow tablets, suspected Dilaudids and handed the same to the SOI. At this time the subject described above known as Leroy came from the rear of the dwelling and asked the SOI who the SOI was and then forceably removed the tablets from the SOI's hand and told the SOI to get out of my house, cause there ain't nobody here that knows you. The SOI at this time exited the dwelling and met

with the affiant. The SOI returned the pre-recorded S S funds to the affiant that had been issued earlier."

In this case, defense counsel's major attack on the affidavit was that it alleged the tablets to be "suspected Dilaudids". However, the rest of the affidavit, defendant's asking for the "dillies", the prescription-type vial, and the actions of the man taking the pills from the informant created the inference that the tablets were actually Dilaudids. Furthermore, the affidavit alleged the informant's high degree of credibility and the reliability of his or her past information. He or she had been used on 85 occasions leading to the arrest of over 106 persons and 67 convictions with significant yields of contraband. Under the *Gates* totality of circumstances test, we conclude that the affidavit established probable cause for the issuance of the warrant.

We also point out that the affidavit in this case differs in several respects from the *Gleason* affidavit which did not establish probable cause under the *Aguilar-Spinelli* test.

In this case, the affidavit alleged that police watched the dwelling and saw 12 persons enter and exit in a one and one-half hour period. There was no alleged surveillance in *Gleason, supra.* The affidavit in this case provided a sufficient and specific basis for the informant's reliability, whereas in *Gleason* the sole indication of the informant's reliability was the bare allegation that he had provided * * * information in the past which has proven reliable". In the affidavit in this case, the informant asked for the Dilaudids ("dillies") and two yellow tablets ("suspected Dilaudids") were extracted from a prescription vial. In *Gleason,* although the informant received "a substance represented to him * * * to be marijuana",

there was no allegation that the informant requested marijuana when he made the buy. Furthermore, the two tablets in this case, as well as a vial appearing to be full, were retained at the dwelling. In *Gleason* there was no indication that any marijuana or other drug remained on the premises. *Gleason, supra,* pp 490-493.

Thus, *Gleason* is distinguishable on its facts as well as on the use of the disavowed *Aguilar-Spinelli* test for establishing probable cause.

We conclude that the affidavit at bar established probable cause under the *Gates* totality of circumstances test. The trial court erred in quashing the search warrant.

## BINDOVER

The prosecutor contends that the evidence produced at the preliminary examination was sufficient to bind defendant over on the methylphenidate charge, and that the trial court erred in overturning the examining court's bindover of defendant. Defendant must be bound over for trial if it appears to the examining court that a felony has been committed and there is probable cause for charging the defendant with the felony. MCL 766.13; MSA 28.931. However, defendant's guilt need not be established beyond a reasonable doubt. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979). The proper standard of review is whether or not the examining court abused its discretion in finding sufficient evidence to bind defendant over for trial. *Doss, supra.* This standard is appropriate because the examining court has considerable advantage over a reviewing court in assessing the credibility of witnesses at the preliminary examination. *Gleason, supra.*

On this appeal, the question is not whether

there was sufficient evidence of the commission of the offense, but whether there was enough evidence at the preliminary examination to establish that there was "probable cause for charging the defendant" with the crime. MCL 766.13; MSA 28.931.

The police entered the dwelling pursuant to a valid search warrant. Two adults, one of whom was defendant, and six minors were detained at the residence. Police found gas and electric bills with defendant's name and the address of the residence on the bills. They seized 85 tablets of methylphenidate in a vial on the dresser top in a bedroom.[1]

At the preliminary examination, the court queried:

"I am wondering what effect I should give to the search warrant in terms of connecting the narcotics on the dresser to the defendant. Was the defendant named in the search warrant?"

Defense counsel replied:

"The defendant is named in the search warrant along with a black male, a Leroy Clerk. However, if the court is going to consider the search, I would ask the court—I would move to have it admitted into evidence, have the court read the search warrant because of the kind of connection we are talking about here. * * * An informant attempted to make a purchase and was thwarted in his attempt to make a purchase. He attempted to make a buy but was unable to make a buy."

The court stated:

---

[1] Additional evidence produced at the preliminary examination linked defendant to other controlled substances, but will not be considered on appeal because the examining court found a *Miranda* violation in relation to this evidence and the prosecutor does not appeal that decision. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

"You better move to have that admitted. I would take a look at it."

Defense counsel replied:

"Stipulated, your Honor."

The prosecutor contends that defense counsel's stipulation of the admission of the search warrant into evidence precludes defendant's argument that the examining court improperly considered the hearsay evidence in the affidavit to connect defendant to the drugs. The search warrant did not connect defendant to the methylphenidate found on the dresser, but to Dilaudids the informant attempted to purchase. The warrant could, however, have been used to imply that defendant was involved in drug-dealing. Even without the search warrant, our review of the preliminary examination record shows that there was evidence that defendant resided in the house (gas and electric bills), that the methylphenidate was in open view in a bedroom of a single-dwelling home, and that defendant was one of the persons in the home when the methylphenidate was seized. Although the evidence connecting defendant to the commission of the offense is not strong, we cannot say that the examining court abused its discretion in finding probable cause to believe that defendant committed the offense.

"This court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion." *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594 (1933); *People v Doss, supra,* p 101.

The trial court erred in reversing the examining court's finding of probable cause to bind defendant over for trial.

Reversed.