PEOPLE v BONDS

Docket No. 91593. Submitted January 22, 1987, at Detroit. Decided March 4, 1987.

Eugene S. Bonds was bound over for trial in Detroit Recorder's Court on charges of felony murder and burning a dwelling house following a preliminary examination. The alleged murder victim was a sister of the defendant who was allegedly an accomplice in the burning of the dwelling house. Defendant filed a motion to quash the information relative to the felony-murder count, which the court, John P. O'Brien, J., denied. Defendant appealed by leave granted.

The Court of Appeals *held:*

In order to find a defendant guilty of felony murder, some intent other than the mere intent to participate in a felony must be shown. In this case, a jury could infer that defendant's actions in driving his sister to the premises to be burned and in carrying gasoline inside evinced a wilful and wanton disregard for human life, and could conclude that, by assisting in setting a house on fire, defendant set in motion a force likely to cause death or serious bodily harm. Therefore, the examining magistrate, in binding defendant over, and the trial court, in denying defendant's motion to quash the information, did not abuse their discretion.

Affirmed.

HOMICIDE — FIRST-DEGREE MURDER — FELONY MURDER — INTENT — MALICE — INFERENCE.

In a prosecution for felony murder, a jury may properly infer intent to kill from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm; while the jury may consider the nature of the underlying

REFERENCES

Am Jur 2d, Homicide §§ 41, 42, 45-47, 50, 51, 72, 269.

Judicial abrogation of felony-murder doctrine. 13 ALR4th 1226.

Criminal liability where act of killing is done by one resisting felony or other unlawful act committed by defendant. 56 ALR3d 239.

What felonies are inherently or foreseeably dangerous to human life for purposes of felony-murder doctrine. 50 ALR3d 397.

felony and the circumstances surrounding its commission, it may not find malice from the mens rea required to commit the underlying felony; in many situations the commission of a felony, especially one involving violence or the use of force, will indicate an intent to kill, an intent to cause great bodily harm, or wanton and wilful disregard of the likelihood that the natural tendency of the defendant's behavior is to cause death or great bodily harm. (MCL 750.316; MSA 28.267).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: SULLIVAN, P.J., and GRIBBS and E. C. PENZIEN,* JJ.

PER CURIAM. Defendant Eugene S. Bonds appeals by leave granted from a March 12, 1986, order of the Detroit Recorder's Court denying his motion to quash the information following his bindover on charges of felony murder, MCL 750.316; MSA 28.548, and burning a dwelling house, MCL 750.72; MSA 28.267. We affirm.

On September 30, 1985, defendant's sister died in a fire which burned another sister's house on Lindsey in the City of Detroit. At the preliminary hearing, an arson investigator testified that the house burned because gasoline was ignited by the pilot light on a space heater. Defendant made a statement indicating that he drove his sister to the house, that he kicked in the front door to make it look like a breaking and entering and carried gasoline inside, and that his sister poured gasoline

---

* Circuit judge, sitting on the Court of Appeals by assignment.

throughout the house which ignited, resulting in his sister's death.

We review the decision of a magistrate to bind a defendant over for abuse of discretion, *People v Gentry,* 138 Mich App 225, 232; 360 NW2d 863 (1984).

In *People v Aaron,* 409 Mich 672, 728-729; 299 NW2d 304 (1980), the Supreme Court examined the felony-murder doctrine, and concluded:

> Accordingly, we hold today that malice is the intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm. We further hold that malice is an essential element of any murder, as that term is judicially defined, whether the murder occurs in the course of a felony or otherwise. The facts and circumstances involved in the perpetration of a felony may evidence an intent to kill, an intent to cause great bodily harm, or a wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm; *however, the conclusion must be left to the jury to infer from all the evidence.* Otherwise, "juries might be required to find the fact of malice where they were satisfied from the whole evidence it did not exist". *Maher v People.* [10 Mich 212 (1862)] [Emphasis added.]

A jury may properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. *Aaron, supra,* p 729. While a jury may consider the nature of the underlying felony and the circumstances surrounding its commission, it may not find malice from the mens rea required to commit the underlying felony, *Aaron, supra,* p 730. In many situations the commission of a fel-

ony, especially one involving violence or the use of force, will indicate an intent to kill, an intent to cause great bodily harm, or wanton and wilful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm, *Aaron, supra,* p 730.

We conclude that the magistrate did not abuse his discretion when he bound defendant over on the felony-murder charge. In *Aaron,* the Supreme Court made it clear that some intent other than the mere intent to participate in a felony must be shown. The jury could infer that defendant's actions in driving his sister to the premises to be burned and carrying the gasoline inside evinced a wilful and wanton disregard for human life, and could conclude that, by assisting in setting a house on fire, defendant set in motion a force likely to cause death or serious bodily harm. We conclude that the trial court did not abuse its discretion in denying defendant's motion to quash the information relative to felony murder. See *People v Anderson,* 147 Mich App 789, 792-793; 383 NW2d 186 (1985).

Affirmed.