PEOPLE v JOHNNIE REED

Docket No. 59974. Submitted June 29, 1982, at Lansing.—Decided
September 30, 1982.

Johnnie Reed was charged with unlawful possession with intent
to deliver pentazocine. He was arrested the day after a search
warrant was issued by a magistrate. Defendant then moved in
the Bay Circuit Court to suppress the evidence, claiming the
affidavit in support of the search warrant was insufficient. The
circuit court, Eugene C. Penzien, J., granted defendant's mo-
tion, suppressed the evidence, and dismissed the charges. The
people appeal. *Held:*

1. There was an ambiguity in the affidavit. The repeated
references to the 48-hour period could refer either to the
contact between the affiant and the informant or to both the
contact and the drug purchases. The former interpretation
formed the basis for the circuit court's suppression order and
the latter interpretation was made by the magistrate.

2. The magistrate's determination was not a clear abuse of
his discretion and should not have been superseded.

Reversed.

1. Searches and Seizures — Search Warrants — Magistrates —
Probable Cause — Appeal.

An affidavit for a search warrant is not to be read technically by
a magistrate but must be viewed in a common-sense manner in
determining probable cause to issue the warrant, and a magis-
trate's determination of the existence of probable cause will not
be set aside on appeal absent a clear abuse of discretion.

2. Searches and Seizures — Affidavits — Recent Observations —
Probable Cause.

It is usually necessary that a deponent or an informant who says
that he has seen illegal activity or contraband in the place to
be searched give some indication that the observations were
recent before the magistrate may find probable cause to search

Reference for Points in Headnotes
[1, 2] 68 Am Jur 2d, Searches and Seizures § 42.

the place; an affidavit in support of a search warrant is fatally defective if no such indication is given.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Patrick O. Duggan,* Assistant Prosecuting Attorney, for the people.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant, Johnnie Reed, was charged with unlawful possession with intent to deliver pentazocine, MCL 333.7401; MSA 14.15(7401). He was arrested after a search warrant was issued the preceding day by a district court judge. Defendant moved to suppress the evidence, claiming that the affidavit in support of the search warrant was insufficient. The Bay County Circuit Court granted this motion, suppressed the evidence, and dismissed the charges against the defendant. The people appeal.

The affidavit for the search warrant referred to information supplied by a confidential informant who allegedly purchased drugs from the defendant. Defendant argued that the affidavit failed to reveal when the drug sales were made. The relevant portion of the affidavit reads:

"Within the past 48 hours, I have had personal contact with a confidential informant whom I will refer to as '13' (for to further identify '13' would subject '13' to personal danger and most certainly reduce '13's' effectiveness in assisting law enforcement agencies in our area). During that person *[sic]* contact within the past 48 hours with '13' I was informed by '13' that '13' had on two occasions purchased quantities of Talwin and PBZ from a person identified as and known to '13'

* Circuit judge, sitting on the Court of Appeals by assignment.

to be one Johnnie Reed at the premises described above. On each occasion Johnnie Reed would, according to '13', retire to a different room within the premises described above and obtained the Controlled Substances and return and turn them over to '13' for a certain amount of cash. * * *"

An affidavit for a search warrant should not be read technically but must be viewed in a common-sense manner by the magistrate. The magistrate's determination of probable cause will not be set aside absent a clear abuse of discretion on his part. *People v Dinsmore,* 103 Mich App 660; 303 NW2d 857 (1981), *lv den* 411 Mich 1071 (1981). If the deponent or an informant says he has seen illegal activity or contraband in the place to be searched, some indication that the observations were recent is usually necessary for the magistrate to find probable cause to search the place. If no such indication is given, the affidavit is fatally defective. *People v Musk,* 231 Mich 187; 203 NW 865 (1925).

There was an ambiguity in this affidavit. The repeated references to the 48-hour period could refer to the contact between the affiant and the informant. It could also refer to both the contact and the drug purchases. The former interpretation formed the basis for the circuit court's suppression of the evidence. The latter interpretation was made by the magistrate. His determination was not a clear abuse of his discretion and should not have been superseded.

Reversed.