PEOPLE v BROWN

Docket No. 66318. Submitted December 13, 1983, at Detroit.—Decided February 7, 1984.

Quintard Brown, Jr., was arrested during a police raid of a residence conducted pursuant to a search warrant. Following a bench trial in Detroit Recorder's Court, Robert L. Evans, J., defendant was convicted of knowing or intentional possession of heroin and sentenced to a term of from one to four years incarceration. He appeals, challenging the sufficiency of the affidavit upon which the search warrant was based. *Held:*

1. The affidavit contained statements which illustrated that the informant had previously given information leading to the confiscation of heroin and had engaged in a controlled drug purchase and that the information was further corroborated and supported by police surveillance and observations of drug trafficking in the area.

2. Defendant's claim that individuals named in the affidavit were not identified at trial is irrelevant to the determination of probable cause for issuance of the warrant.

3. Defendant's argument concerning the testimony of the police officer affiant is immaterial to the issue of probable cause and, contrary to defendant's assertion that it evidences a reckless disregard for the truth, that testimony substantiates police efforts to corroborate the information given by the informant concerning the source of the heroin supply.

4. Defendant's claims that the affidavit failed to establish the credibility and reliability of the police informant, that individuals named in the affidavit were not identified at trial, and that statements included in the affidavit were made in reckless disregard for the truth are without merit. The affidavit and the information contained therein supports the magistrate's determination of probable cause. The search warrant was properly issued.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 6, 63, 64.

CRIMINAL LAW — CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — AFFIDAVITS.

> A defendant was not prejudiced by the fact that a trial court applied the traditional two-prong test to determine the sufficiency of an affidavit for the issuance of a search warrant even though the United States Supreme Court has abandoned that test in favor of a totality of the circumstances test; a state may impose higher Fourth Amendment standards under a state constitution than are imposed under the United States Constitution, and the traditional test commands a higher standard than the totality of the circumstances test for sufficiency of an affidavit (US Const, Am IV).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Following a bench trial on June 22-23, 1982, in Detroit Recorder's Court, defendant was convicted of knowing or intentional possession of heroin, MCL 333.7403; MSA 14.15(7403), and on July 19, 1982, was sentenced to a term of from one to four years incarceration. Defendant was arrested during a raid of a residence at 421 Harper in the City of Detroit. The raid, which occurred on October 16, 1981, was conducted pursuant to a search warrant issued on October 13, 1981. On appeal, defendant challenges the sufficiency of the affidavit upon which the warrant was based.

For purposes of this appeal, we assume, without deciding, that defendant has standing to contest the validity of a search of a third party's premises.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We also decline to accept the prosecutor's invitation to hold this issue waived by virtue of defendant's failure to raise it in the lower court. Our review of the affidavit reveals that the warrant was properly issued and thus we affirm defendant's conviction and sentence.

Defendant launches a broad-based attack on the affidavit alleging, *inter alia,* that it failed to establish the credibility and reliability of the police informant, that individuals named in the affidavit were not identified at trial and that statements included in the affidavit were made in reckless disregard for the truth. Defendant's claims are without merit. Although there appears to be some conflict between panels of this Court over the proper standard of review of a magistrate's determination of probable cause, under either the abuse of discretion standard, *People v Johnnie Reed,* 121 Mich App 286; 329 NW2d 23 (1982), or the substantial basis standard, *People v Gleason,* 122 Mich App 482; 333 NW2d 85 (1983), we find the affidavit sufficient to establish probable cause.

The two-pronged test, established in 1964 in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and followed by the Michigan Supreme Court since that date, was met in this case. The affidavit contained statements which illustrated that the informant had previously given information leading to the confiscation of heroin and had engaged in a controlled drug purchase and that the information was further corroborated and supported by police surveillance and observations of drug trafficking in the area. We are mindful of the recent Supreme Court decision of *Illinois v Gates,* — US —; 103 S Ct 2317; 76 L Ed 2d 527 (1983), which abandoned the two-pronged *Aguilar* test in favor of a totality of the

circumstances test. Since a state may impose higher Fourth Amendment standards under a state constitution than are imposed under the United States Constitution, we feel constrained to follow *Aguilar* until our Supreme Court rules differently. However, because *Aguilar* commands a higher standard than *Gates* for sufficiency of an affidavit for the issuance of a warrant, defendant is in no way prejudiced by our decision in this regard.

Defendant's claim that individuals named in the affidavit were not identified at trial is irrelevant to the determination of probable cause for issuance of the warrant. Similarly, defendant's argument concerning the testimony of the police officer affiant is immaterial to the issue of probable cause and, contrary to defendant's assertion that it evidences a reckless disregard for the truth, that testimony substantiates police efforts to corroborate the information given by the informant concerning the source of the heroin supply. The affidavit and the information contained therein supports the magistrate's determination of probable cause.

Defendant's conviction and sentence is affirmed.