719 P.2d 1226

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Keith PRESTWICH, Defendant-Appellant.**

**No. 15955.**

Court of Appeals of Idaho.

May 30, 1986.

Reginald R. Reeves, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Armed with a warrant, the police searched Keith Prestwich's home and discovered over 400 marijuana plants. As a result, Prestwich was charged with manufacturing a controlled substance, I.C. § 37–2732. When the district court refused to suppress the evidence obtained during the search, Prestwich entered a conditional plea of guilty, preserving his right to appeal the suppression ruling. On appeal, Prestwich contends that (1) there was not probable cause for issuing the search warrant and (2) the magistrate erred in authorizing a nighttime search. We agree there was not probable cause for issuance of the warrant. We therefore vacate the district court's order denying Prestwich's motion to suppress. We remand for reconsideration of the motion to suppress, under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The record discloses the following facts. Police received three anonymous phone calls informing them that marijuana was being grown in a shed attached to Prestwich's mobile home in Idaho Falls and giving directions to the mobile home.[1] The police went to Prestwich's mobile home and verified its existence and the existence of the attached shed. The police noted that there was a large ventilation fan operating in one end of the shed. Based on this information, the police obtained a warrant and searched Prestwich's mobile home.

---

**1.** The record is unclear whether the three calls were made by the same anonymous person or whether more than one person made the calls.

The search produced growing marijuana plants and related items and equipment. The district court subsequently denied Prestwich's motion to suppress the evidence resulting from the search. Prestwich entered a conditional plea of guilty, preserving his right to contest the suppression ruling on appeal. The district judge sentenced Prestwich to a five year term of imprisonment and fined him $5000, but stayed execution pending appeal. On appeal, Prestwich asserts that the evidence from the search should have been suppressed because of a lack of probable cause for issuing the warrant. A collateral issue is whether the judge improperly authorized a nighttime search.

 The proper analysis to be applied by magistrates for determining the existence of probable cause is a "totality of the circumstances" test. *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). On appeal, our function is to determine whether the magistrate had a substantial basis for concluding that probable cause existed. *Id.* Likewise, we grant great deference to the magistrate's determination. *Id.* Applying these standards to the present case, we conclude that there was not a substantial basis for finding probable cause. Therefore, we reverse the trial court's decision which refused to suppress the evidence discovered in the search.

The record discloses that a magistrate issued the search warrant, based upon an affidavit submitted by an officer employed by the state Department of Law Enforcement. The affidavit stated that an anonymous caller had reported "information concerning growing marijuana" at the defendant's mobile home and giving a description and location of the property. The affidavit also stated that a second anonymous caller, when passing by the shed attached to the mobile home, had seen through a window "what appeared to her to be growing marijuana plants." The second caller indicated that she was able to identify marijuana plants as a result of having attended a class "in which growing marijuana plants were described and identified by herself."

This caller also reported that the lights in the trailer were on "all hours of the day and night." The affidavit recites that: "The same individual again called a few days later confirming what she had described on her previous phone call." The affidavit stated that the police had verified the existence of the mobile home and the attached shed containing a ventilation fan. The affidavit also stated that the police had "observed the residence during the day and evening and verified that the lights in the trailer did remain on during all hours of the day and night." We conclude that this information did not establish probable cause for issuing the search warrant.

 The "totality of the circumstances" test has eliminated the rigid requirements of "veracity" and "basis of knowledge" derived from the *Aguilar-Spinelli* decisions. However, these requirements remain useful first steps in determining whether probable cause exists, particularly in cases dealing with undisclosed informants. *State v. Schaffer,* 107 Idaho 812, 693 P.2d 458 (Ct.App.1984). Here, the first caller disclosed little information other than a bare assertion that marijuana was growing at the defendant's house. Accordingly, the police had no information as to the veracity or basis of knowledge of the first informant, and the information offered by the first informant must be credited with little weight. The police also had no means of knowing whether the second caller was being truthful. As to the second informant's basis of knowledge, there were only the assertions that she had seen what "appeared" to be marijuana through a window and that the lights were on at all hours.

 We conclude that the "basis of knowledge" prong was satisfied here. The facts provided by the second informant were based upon her own alleged observations. However, we are left with a veracity gap. The question, then, is whether any other facts, disclosed by the "totality of the circumstances," strengthen the showing of probable cause—either bridging the veracity gap or otherwise corroborating the anonymous informants' statements. The only

such facts are the police confirmation that Prestwich's home actually did exist and the observation that it had a ventilator fan. These facts do not tell us anything meaningful about the informants' veracity nor do they otherwise meaningfully corroborate the informants' statements. Thus we conclude that the magistrate lacked a substantial basis to find probable cause for issuance of the warrant.

The state, however, argues that the search was proper when evaluated under the "good faith" exception established in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon* the United States Supreme Court upheld the admissibility of evidence obtained by officers acting "in objectively reasonable reliance" on a search warrant later found to have been issued without probable cause. However, the Court stated that suppression of evidence continues to be appropriate where (1) the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his judicial role in such a manner or under such circumstances that no reasonably well-trained officer should rely on the warrant; (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the officer cannot reasonably presume the warrant to be valid. *Leon,* 468 U.S. at ——, 104 S.Ct. at 3421–22, 82 L.Ed.2d at 698–99. Because we have concluded that the affidavit was not sufficient to establish probable cause, the third situation is potentially applicable to this case.

█ Some appellate courts view the issue of the objective reasonableness of an officer's reliance on a search warrant as a question of law subject to *de novo* review. *United States v. Maggitt,* 778 F.2d 1029 (5th Cir.1985); *United States v. Gant,* 759 F.2d 484 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123

(1985); *United States v. Accardo,* 749 F.2d 1477 (11th Cir.1985), *cert. denied sub nom. Pinckard v. United States,* —— U.S. ——, 106 S.Ct. 314, 88 L.Ed.2d 295 (1985); *see also United States v. Sager,* 743 F.2d 1261 (8th Cir.1984), *cert. denied sub nom. Harmon v. United States,* —— U.S. ——, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985). Other courts have held that the issue is a mixed question of law and fact also subject to *de novo* review. *United States v. Hendricks,* 743 F.2d 653 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985). Even in light of such a standard of review, we are not convinced that this court can reasonably apply *Leon* based on the record before us.

We arrive at this conclusion because, even though the courts have generally approved of *de novo* review of the issue, they have differed on their approaches as to whether the trial court should have made an initial determination as to the officer's good faith reliance on the warrant. Even if the issue was not addressed by the trial court, some courts do not remand to the trial court for a determination of the reasonableness of the officer's reliance. *United States v. Savoca,* 761 F.2d 292 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 153, 88 L.Ed.2d 126 (1985); *United States v. Gant, supra; United States v. Sager, supra; United States v. Hendricks, supra.* For example, in *Hendricks,* the court noted that "if the record is adequate," the issue may be first addressed on appeal even though no determination was made in the lower court. *Hendricks,* 743 F.2d at 656. The *Sager* court noted that they saw no reason to remand to the district court for a first determination because the record was complete and the issue had been fully briefed. *Sager,* 743 F.2d at 1265; *see also United States v. Savoca,* 761 F.2d at 296 n. 7. Other appellate courts have not commented on the question of remanding, but simply proceed to make their own determination of the issue. *United States v. Maggitt,* 778 F.2d at 1034–36 (noting that the underlying facts determined by the trial court are binding on appeal unless clearly erroneous); *United States v. Gant,* 759 F.2d at 488.

However, other courts choose to remand to the trial court for the initial determination of whether the officer's reliance was objectively reasonable. *United States v. Accardo, supra; Crittenden v. State,* 476 So.2d 626 (Ala.Crim.App.1983); *see also Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 1098 n. 8, 89 L.Ed.2d 271, 281 n. 8 (1986). In *Accardo* the court pointed out that because *Leon* had not been decided at the time of the suppression hearing, the district court had not held an evidentiary hearing on, or considered, the good faith issue. *Accardo,* 749 F.2d at 1481. In order to give both sides a chance to present evidence on the issue and make sure that all the circumstances in the case had been heard, the court remanded for an evidentiary hearing. *Id.* In *Malley* the United States Supreme Court addressed the immunity of a police officer from civil liability for an unconstitutional arrest, in an action under 42 U.S.C. § 1983. The arrest had been made pursuant to a warrant issued by a magistrate. The Court held that the question of immunity from liability should be determined by the "objectively reasonable" principle announced in *Leon, i.e.,* whether a reasonably well-trained officer in the policeman's position would have known that his affidavit in support of the arrest warrant failed to establish probable cause and that he should not have applied for the warrant. The Court explicitly refrained from making, *sua sponte,* the determination whether the policeman's conduct was in fact objectively reasonable, stating: "The question is not presented to us, nor do we decide, whether [the officer's] conduct in this case was in fact objectively reasonable. That issue must be resolved on remand." 106 S.Ct. at 1098 n. 8. We are persuaded that such an approach is applicable in this case and conclude that a remand to the trial court for a determination of the objective good faith reliance is the soundest course of action in this case. As indicated in *Leon,* the

> good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances—including whether the warrant application had previously been rejected by a different magistrate—may be considered.

*Leon,* 468 U.S. at ——, 104 S.Ct. at 3421 n. 23, 82 L.Ed.2d at 698 n. 23.

■ Here, the district court upheld the search warrant and thus neither party had an opportunity to present evidence on the application of this "good faith" exception. Also, we are not convinced, as were the courts above that chose to address the issue on appeal, that the record is complete or that a sufficient record has been established to allow us to make this critical determination. As *Leon* indicated, that decision should be based on all the circumstances. In the instant case, an officer with eight and one-half years experience as a state police officer and two years experience with the State Investigative Services Bureau prepared an affidavit that we now hold failed to establish probable cause. Prestwich intimates that perhaps the officer indulged in "judge shopping" and obtained the search warrant from a magistrate who simply acted as a rubber stamp for the officer's desire for a warrant. As support, Prestwich points to the authorization for a nighttime search when no facts were presented in the officer's affidavit to support a conclusion that a nighttime search was imperative. If true, then this may be one of the circumstances to be considered in determining the objectively reasonable reliance of the officer. To soundly apply the "good faith" exception of *Leon,* we think it is necessary that the record reflect what objective facts might have established a basis for the officer's reliance on the warrant.

If we were confident that all of the facts pertinent to the *Leon* question were in the present record, we would not hesitate to decide that question. However, because the record may be incomplete, we think the better course of action in this case is to remand.

■ As an additional issue on appeal, Prestwich questions the authorization by

the magistrate to execute the search warrant during the nighttime. In his brief, Prestwich asserts this authorization was an abuse of discretion because of the absence of any showing of a reasonable need for a nighttime search. At oral argument, however, Prestwich informed us that this issue was raised simply to demonstrate the insufficiency of the information presented to the magistrate as probable cause for the search warrant itself. As we have noted, the magistrate's authorization for a nighttime search may be a factor to be explored in respect to the good faith reliance on the warrant by the police officer. Beyond that, the magistrate's authorization for a nighttime search merits little attention, inasmuch as the record in this case shows that the search was conducted (or at least commenced) during the daylight hours.

Accordingly, we remand to the trial court with direction for an evidentiary hearing to decide on the objective reasonableness of the officer's reliance on the warrant.

BURNETT and SWANSTROM, JJ., concur.