**Robin RIGGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–916–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1987.

Wesley E. Wright, Houston, Walter Mahoney, Jr., Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Michael A. Roe, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Robin Riggs (appellant) was convicted of possession of methamphetamine and was sentenced to five years of confinement. In one point of error the appellant contends that the police officers lacked probable cause under Texas and federal law to make the search and arrest which yielded the contraband. We disagree and affirm the judgment of the trial court.

A confidential informant told Officer Chance that a person matching appellant's description would purchase methamphetamine from a business building located at 3901 Leeland, Houston, Texas. The informant, while he was in the building, heard the seller make conversations concerning a sale to appellant. The informant saw a supply of methamphetamine in the building. He did not give the name of the appellant, but described the vehicle appellant would be driving. Later the informant brought Officer Chance to a vantage point of 3901 Leeland and pointed out the particular vehicle of appellant. Officer Chance testified that this informant had given reliable information in the past.

Officer Chance waited for backup to watch the building in order that he could obtain a search warrant. While he was attempting to obtain the warrant, an unnamed patrol officer arrested the appellant as he was leaving the scene in his vehicle. One gram of methamphetamine was found on the appellant's person.

Warrantless arrests are not favored in Texas. *See Hardison v. State,* 597 S.W.2d 355, 357 (Tex.Crim.App.1980). The Constitution requires that probable cause exist to make an arrest and search. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Mendoza,* 722 F.2d 96 (5th Cir.1983) (probable cause must be shown in arrest made both with and without a warrant). Tex.Crim.Proc. Code Ann. art. 14.04 (Vernon 1977) authorizes a warrantless arrest if

it is shown by satisfactory proof to a police officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer, may, without warrant, pursue and arrest the accused.

Article 14.04 permits a warrantless arrest if probable cause exists and the person is about to escape. *See King v. State,* 631 S.W.2d 486, 497–98 (Tex.Crim.App.1982).

The escape requirement only necessitates a showing that the officer was acting upon satisfactory proof from representations by a credible person that the felony offender is about to escape so that there is no time to procure a warrant. *Fry v. State,* 639 S.W.2d 463 (Tex.Crim.App.1982) (opinion on rehearing), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983). The officers need not have information that the suspect is about to leave the city, county or state before they arrest

someone pursuant to article 14.04. The suspect need only be escaping from the officers. *Stanton v. State,* 678 S.W.2d 305 (Tex.App.—Fort Worth, 1984, pet. granted). Since the appellant was leaving the scene of the stakeout, he was escaping the officers and was, thus, escaping pursuant to article 14.04.

■ The legality of the arrest, therefore, boils down to whether probable cause exists. In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) the Supreme Court held that probable cause exists if the totality of the circumstances indicates a fair probability that contraband or evidence of a crime will be discovered. The issue to be decided is whether probable cause is to be determined from the totality of the circumstances under Texas state law as well as under the federal Constitution. We hold that the same standard applies.

The Court in *Gates* redefined the rigid two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In *Aguilar* the Court held that to conduct a valid search, the Constitution required that probable cause could be shown if two independent requirements were met. First, the basis of knowledge of the informant must be shown to the magistrate so that he may determine if the informant received the information in a reliable manner. Second, specific allegations of the reliability of the source must be provided. The court in *Gates* stated that the two prongs of the *Aguilar* test were only relevant factors to be considered in the context of the totality of the circumstances. Both prongs need not be met if the totality of the circumstances makes it probable that contraband or evidence of a crime will be discovered. In fact, the Court noted that it had always interpreted *Aguilar* to stand for this proposition. *Gates,* 462 U.S. at 230, fn. 6, 103 S.Ct. at 2328, fn. 6.

In *Eisenhauer v. State,* 684 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1984, pet. granted) (*Eisenhauer II*) the First Court of Appeals elected to follow the Judge Teague dissent in *Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984) (*Eisenhauer I*) and held that Texas law requires both prongs of the *Aguilar* test to be satisfied.[1] Under this view the legislature and the Texas courts have adopted a more stringent rule than the federal courts. We note, initially, that the court of criminal appeals has nowhere stated that Texas law requires a higher showing of probable cause than the federal Constitution. In *Eisenhauer I* Justice Teague was alone in propounding this perspective.[2]

We also find no evidence that the legislature implicitly adopted the necessity of showing both prongs of the *Aguilar* test. Tex.Crim.Proc.Code Ann. art. 18.01(b) (Vernon 1977) states:

> [n]o search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for the issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

The commentary to article 18.01 states that the article was reworded to meet the requirements of probable cause in *Aguilar.* The first court and Judge Teague interpreted this to mean that the legislature has adopted the two-prong test. This interpretation is not supportable. First, article 18.-01, nowhere speaks to the two-prong requirement. The legislative commentaries are not an official publication of Texas. Second, the commentary, in itself, does not explicitly state that the two-prong requirement is adopted in article 18.01. It merely states that article 18.01 was amended to meet *Aguilar.* Under *Gates, Aguilar* still applies the total circumstance approach.

1. In *Eisenhauer I* the court of criminal appeals validated the warrantless search of appellant for cocaine under federal constitutional grounds and remanded to the first court to consider whether state law prohibited the search.

2. In fact *Angulo v. State,* 727 S.W.2d 276 (Tex.Crim.App.1987) seems to imply a holding contrary to Judge Teague's. The court of criminal appeals stated broadly that probable cause is to be determined from the totality of the circumstances. *Id.* at 278.

Finally, we believe holding statutes as implicitly adopting case law is unworkable. This violates the rule of construction that the intent of the statute may not be inquired into unless the statute is ambiguous. If a court must inquire into whether a statute implicitly adopts a line of cases, this rule would often have to be violated.

Since neither the legislature nor the court of criminal appeals has required that both prongs of the *Aguilar* test must be satisfied in order to show probable cause, we are free to define probable cause under Texas law. We believe that because of the reasons inumerated in *Gates*, probable cause is shown if the totality of the circumstances reveal either a crime has been committed or contraband may be found.

■ Based on the totality of circumstances, the trial court could have easily found that sufficient probable cause existed. All of the information of all the officers may be taken together when communication between them exists. *Martinez v. State*, 635 S.W.2d 629 (Tex.App.—Austin 1982, pet. ref'd). Since Officer Chance was directing the other officers, his informant's information establishes probable cause. The informant saw the methamphetamine and heard conversation that a person matching appellant's description would make a purchase. He pointed out appellant's car. The informant had provided reliable information in the past. The arrest of the appellant was, therefore, lawful under Texas law pursuant to article 14.04. Since probable cause existed, the arrest was lawful under the federal Constitution. *Gates*, 462 U.S. at 230–31, 103 S.Ct. at 2328–29. Because the arrest was lawful, the search was also lawful. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Gauldin v. State*, 683 S.W.2d 411 (Tex.Crim.App.1984). We overrule appellant's point of error.

For the reasons set forth we affirm the judgment of the trial court.