785 P.2d 647
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph R. GAUNA,**
**Defendant–Appellant.**

No. 17366.

Court of Appeals of Idaho.

Sept. 5, 1989.

Petition for Review Denied Jan. 30, 1990.

R. Ted Israel, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Joseph R. Gauna stands convicted of possessing a controlled substance with the intent to deliver. The district court also found him to be a persistent violator. In this appeal, he argues that (1) a search warrant was issued without probable cause; (2) the state failed to disclose all information material to the defense; (3) the trial judge erroneously admitted evidence of other crimes; (4) the judge abused his discretion by allowing tardy filing of the persistent violator charge; and (5) the sentence imposed was excessive. We affirm the judgment of conviction, with a modification of the sentence.

The facts are straightforward. Police officers in Pocatello were told by two confidential informants that Gauna had eight pounds of marijuana in his home. Upon execution of a search warrant obtained from a magistrate, the police discovered approximately nine pounds of marijuana. Gauna was charged with possession of a controlled substance with intent to deliver under I.C. § 37–2732(a)(1)(B). Three weeks before trial, Gauna also was charged with being a persistent violator. Gauna's first trial ended in a declaration of mistrial. However, at the second trial, a jury found him guilty as charged of possession with intent to deliver. After the jury verdict,

Gauna entered a conditional plea of guilty to the persistent violator charge. The judge imposed a thirty-year sentence with a fifteen-year minimum term of confinement. This appeal followed.

## I

We will discuss Gauna's contentions in order. He first argues that marijuana seized at his house should have been excluded at trial because the search warrant was not issued upon probable cause. We disagree.

■ The Fourth Amendment of the United States Constitution and Article 1, § 17, of the Idaho Constitution require a warrant to be supported by probable cause. In reviewing a magistrate's finding on this question, we must determine whether there was a substantial basis, under the totality of the circumstances, for the magistrate to determine that probable cause existed. *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). The totality of circumstances test, which we now apply, is less rigid than the two-pronged test previously set forth in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the *Aguilar–Spinelli* test, the police were required to show the veracity of a confidential informant and the basis of his knowledge.

■ Although the *Aguilar–Spinelli* test has been supplanted, we still consider it useful in evaluating whether a magistrate has a substantial basis to determine the existence of probable cause. *State v. Vargovich*, 113 Idaho 354, 355–356, 743 P.2d 1007, 1008–1009 (Ct.App.1987) (review denied). When the case involves a confidential informant, our inquiry is two-fold. First, where did the unnamed person get the information? Second, was he or she likely to be telling the truth? *State v. Schaffer*, 107 Idaho 812, 818, 693 P.2d 458, 464 (Ct.App.1984). These in essence are the *Aguilar–Spinelli* questions. If the information provided to the magistrate fails to answer these inquiries we may examine the totality of the circumstances to determine whether the probable cause gap has

been filled. *State v. Prestwich*, 110 Idaho 966, 719 P.2d 1226 (Ct.App.1986).

■ Here, we need not turn to the totality of the circumstances because both the veracity and basis of knowledge prongs of the *Aguilar–Spinelli* test have been satisfied. Veracity can be demonstrated by showing past reliability or present credibility. *State v. Vargovich*, 113 Idaho at 356, 743 P.2d at 1009. Here, past reliability was shown because the police affidavit averred that the informants had supplied accurate information on two prior occasions. The basis of knowledge prong can be satisfied by direct observation. *Id.* Here, the informants personally observed the marijuana. According to the police affidavit, the informants told the officers they had been to Gauna's house in the previous twenty-four hours and had been shown a sample.

Because both prongs of the *Aguilar–Spinelli* test were satisfied, we hold that the magistrate had a substantial basis to find probable cause. The district judge correctly denied Gauna's motion to suppress.

## II

Gauna next argues that the judge erroneously failed to order the state to provide all material information. More specifically, Gauna contends the trial judge abused his discretion when he declined to conduct an *in camera* examination of the state's files to determine whether they contained relevant background information about a witness/informant. Instead, the trial judge broadly ordered the state to give the defendant all material information in its file regarding the informant's work on Gauna's case. The judge did not specifically order the state to disclose information in its files regarding the informant's work on other cases. Nor did the judge examine such information himself to determine whether it might be material to the defense.

■ It is well settled that a prosecutor is under a constitutional duty to disclose, upon request, material evidence favorable

to the defense. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, a defendant cannot prevail simply by showing a *Brady* violation. The defendant also must show the error was reversible—that is, not harmless. Before we will deem an error reversible, we must entertain a reasonable doubt that the jury verdict would have been the same absent the error. *State v. Stoddard,* 105 Idaho 169, 667 P.2d 272 (Ct.App.1983).

In this case, the informant in question testified at trial regarding various marijuana transactions. Gauna argues that there may have been information in the prosecutor's files suggesting the informant had been unreliable when working on other cases for the state. Gauna contends that if he had been given access to such information, he might have been able to cast doubt upon the informant's credibility as a witness, possibly persuading the jury that he did not harbor an intent to deliver the marijuana found in his possession. We disagree.

Even if we assume, without deciding, that the trial judge abused his discretion by not conducting an *in camera* review, and further that had he conducted the review he would have discovered evidence which cast doubt upon the informant/witness' credibility, we still are not left with a reasonable doubt that the verdict would have been the same. To the contrary, the state's case was overwhelming. The prosecution not only presented the evidence of nine pounds of marijuana seized from Gauna's home, but it also submitted ledgers showing drug transactions which, according to an expert, were in Gauna's handwriting. We believe there was compelling evidence, apart from the informant/witness' testimony, to show that Gauna was dealing in marijuana. We conclude that the error, if any, did not contribute to the verdict and, therefore, was harmless.

### III

We next address Gauna's contention that the judge erroneously admitted evidence of other crimes. At Gauna's trial, the judge allowed the witness/informant to testify that she had purchased up to twenty pounds of marijuana from Gauna in the past. Gauna argues that the admission of this testimony was prohibited by I.R.E. 404(b).

Rule 404(b) prohibits the use of other crimes as evidence to prove the character of a defendant. However, evidence of other crimes may be admitted to prove (1) motive, (2) opportunity, (3) intent, (4) preparation, (5) plan, (6) knowledge, (7) identity, or (8) absence of mistake or accident. The decision to admit evidence of other crimes involves a two-tiered analysis. First, the evidence must be "relevant to a material issue concerning the crime charged." *State v. Roach,* 109 Idaho 973, 974, 712 P.2d 674, 675 (Ct.App.1985). Second, it must be determined whether the probative value of the evidence is outweighed by unfair prejudice. *Id.* This balancing is left to the trial judge's discretion. *State v. Carlson,* 108 Idaho 859, 702 P.2d 897 (Ct.App.1985).

We believe the testimony was admissible under the intent exception to I.R.E. 404(b). Gauna's theory of defense at trial was that the marijuana belonged to a woman who was at his residence at the time of the arrest. Thus, the state and Gauna disagreed not only on whether Gauna possessed the drugs but also, implicitly, on whether he intended to deliver them. Consequently, intent was a material and disputed issue. Evidence of prior marijuana transactions was clearly relevant to show intent to deliver because it increased the likelihood that the marijuana seized in this case was awaiting sale rather than personal use.

We must now determine whether the judge abused his discretion when he determined that the probative value of the testimony outweighed any unfair prejudice. In deciding whether the danger of unfair prejudice and the like substantially outweighs the incremental probative value, a variety of matters must be considered, including the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the inter-

val of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility. E. CLEARY, McCORMICK ON EVIDENCE § 190 (3d ed. 1984).

All probative evidence is, to some extent, prejudicial. The question is whether that prejudice is unfair—that is, whether it harms the defendant not because of inferences which reasonably can be drawn from the facts, but because it inflames the jury and rouses them to "overmastering hostility." We do not believe that to be the case here. While the witness' testimony certainly bolstered the likelihood that Gauna possessed drugs for reasons other than personal use, we do not believe it was so inflammatory that it would lead a jury to convict Gauna regardless of other facts presented. Therefore, we conclude that its probative value outweighed any unfair prejudice. The trial judge did not err in admitting the evidence.

### IV

■ We now turn to Gauna's argument that the state should not have been allowed to amend the information, charging him with being a persistent violator, three weeks before trial. Idaho Criminal Rule 7(e) authorizes the amendment of an information any time before the prosecutor rests, as long as no new offense is charged and the defendant is not prejudiced. Subject to those caveats, the determination of whether the prosecutor should be allowed to amend the information rests in the trial court's discretion. I.C. § 19–1420. Thus, we will affirm the trial court's decision unless an abuse of discretion is shown.

■ Here, no new offense was charged. Persistent violator status enlarges the potential sentence, but it does not constitute a separate offense. *State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967). The remaining question is whether Gauna was unfairly prejudiced by the amendment. Gauna argues that he was; however, his argument is nonspecific. He urges us to adopt a Michigan rule which requires that

the state file any persistent violator charge within fourteen days of the defendant's arraignment. *People v. Shelton*, 412 Mich. 565, 315 N.W.2d 537 (1982). However, I.C.R. 7(e) contains no such restriction on amendments concerning persistent violator charges, and we see no reason to engage in judicial lawmaking by engrafting the Michigan rule here. Moreover, the purpose of a prosecutor's information is to give the defendant notice and the opportunity to prepare a defense. Gauna received adequate notice. The amendment charging him as a persistent violator was filed several weeks before trial. We hold that the trial judge did not abuse his discretion by allowing the amendment.

### V

■ We now turn to the sentencing issue. Gauna argues that his thirty-year sentence, with a fifteen-year minimum period of confinement, is excessive. When a sentence is within the applicable statutory limit, we will review it only for an abuse of discretion. Possession of marijuana with intent to deliver is a felony punishable by imprisonment for five years. I.C. § 37–2732(a)(1)(B). However, in any felony case where the defendant also is found to be a persistent violator, the maximum authorized punishment is life imprisonment. I.C. § 19–2514. Hence, the sentence in this case was within the applicable statutory limit.

■ A sentence may represent an abuse of discretion if it is unreasonable upon the facts of the particular case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979). When determining the reasonableness of a sentence, we identify the probable duration of confinement and then focus primarily upon the reasonableness of such confinement. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). Where, as here, the sentence has been imposed under the Unified Sentencing Act, the minimum period prescribed by the judge generally will be treated as the probable measure of confinement for the pur-

pose of sentence review. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In this case, that period is fifteen years.

The reasonableness of a term of confinement is measured by criteria set forth in *State v. Toohill, supra:*

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

103 Idaho at 568, 650 P.2d at 710. In a Unified Sentencing Act case, the criteria of retribution and deterrence bear directly on the minimum period of confinement, which is the judicially determined "price" of the crime. The minimum period also carries implications for rehabilitation and the protection of society because it "establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole...." *State v. Sanchez*, 115 Idaho at 777–78, 769 P.2d at 1149–50.

As we apply these criteria, we consider the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, as noted above, the crime consisted of possessing approximately nine pounds of marijuana with an intent to deliver. When the crime was committed, Gauna was fifty years old. He had a long record of prior offenses, including burglary, theft, possession of marijuana, transporting illegal aliens, and a host of traffic misdemeanors or infractions. His convictions for burglary, theft and possession of marijuana had

resulted in imprisonment for several years in Wyoming and Montana during the late 1960s and early 1970s. His conviction for transporting illegal aliens had resulted in federal incarceration from 1976 to 1979. No convictions, other than for traffic-related offenses, appeared on Gauna's record from 1979 to the commission of the instant crime in 1987.

During the sentencing hearing, however, the state presented testimony by an investigator from the Department of Law Enforcement, who had twice interviewed Gauna shortly before the instant crime was committed. The interviews apparently had been conducted at Gauna's request, to discuss an offer to cooperate with law enforcement officers in their investigation of marijuana activities in eastern Idaho. During one of these interviews, Gauna claimed that he had participated in the delivery of 800 to 1,000 pounds of marijuana over a period of several years. The investigator stated that he had no independent information on dealings by Gauna in marijuana or in any other drugs.

In pronouncing Gauna's sentence, the district judge referred generally to a need to protect society. He then expressed a desire to send a "message" to drug traffickers, to law enforcement officers and to the public. We embrace the district judge's concern for protection of society, and we agree with the basic thrust of the "message" embodied in the sentence. However, any such "message" sentence must be tailored to the facts of the case at hand. The sentence should not commit finite public resources to confinement for a period longer than necessary to achieve the sentencing goals articulated in *Toohill* and *Sanchez.*

Here, the facts disclose a long history of criminal offenses, but no violent crimes and no activities in controlled substances other than marijuana. In our view, the goals of protecting society and of sending a "message" in this case do not require a minimum period of incarceration exceeding ten years. This minimum period—during which no parole is available—exacts a high price for the crime committed and

provides a clearly adequate time for whatever institutional correction programs are appropriate in Gauna's case. Gauna will be sixty years old when the ten-year period has elapsed. Even then, he will not be assured of parole. The Commission of Pardons and Parole may grant him a parole during the remainder of his thirty-year sentence only "when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society...." I.C. § 20–223(c).

Accordingly, we uphold the thirty-year sentence, with an adjustment of the minimum period of confinement from fifteen years to ten years. The judgment of conviction is affirmed as so modified. The case is remanded for entry of an amended judgment.

SWANSTROM, J., and HART, J. Pro Tem., concur.